UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KENNETH RICE, )
)
        Plaintiff, )
)
   v. ) No. 1:16-cv-01510-WTL-MPB
)
KEITH BUTTS, )
DUSTIN PATTON, )
OFFICER ELLINGTON, )
)
        Defendants. )

**Entry Denying Defendants' Motion for Summary Judgment**

**I. Introduction**

Kenneth Rice is an Indiana inmate incarcerated at the New Castle Correctional Facility. He brought this 42 U.S.C. § 1983 action against Warden Keith Butts and Officers Dustin Patton and Ellington for injuries he allegedly sustained on September 2, 2015, when he was left alone in a prison transport van, engine turned off, with the windows closed for thirty to forty-five minutes while the officers went inside an air conditioned building. Mr. Rice alleges that he was later found unconscious from heat exhaustion and admitted to the prison infirmary for intravenous fluid therapy.

At screening the *pro se* complaint was liberally construed, and an Eighth Amendment failure to train claim was allowed to proceed against Warden Butts for injunctive relief. Eighth Amendment claims against Officers Patton and Ellington for being deliberately indifferent to Mr. Rice's medical condition and safety were allowed to proceed as well as a state law claim against them for negligence. Discovery has concluded and defendants have moved for summary

judgment. For the reasons explained below, the motion for summary judgment, Dkt. No. 24, is **denied**.

## II. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The movant bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of designated evidence that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and citation omitted).

A factual issue is material only if resolving the factual issue might change the outcome of the case under the governing law. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). A factual issue is genuine only if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 248. In deciding a motion for summary judgment, the court "may not 'assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence.'" *Bassett v. I.C. Sys., Inc.*, 715 F. Supp. 2d 803, 808 (N.D. Ill. 2010) (quoting *Stokes v. Bd. of Educ. of the City of Chi.*, 599 F.3d 617, 619 (7th Cir. 2010)). Instead, it must view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party. *See Anderson*, 477 U.S. at 255.

### III. Material Facts not in Dispute

Officers Patton and Ellington transported Mr. Rice from an outside medical provider back to the New Castle Correctional Facility on September 2, 2017. Dkt. No. 26-1; Dkt. No. 30. Mr. Rice was shackled while in the transport van. *Id.* When they arrived at the facility, they had to wait outside at a security gate while a facility count was completed. *Id.* After entering the facility, Patton and Ellington discovered Mr. Rice was unconscious or "partially unconscious." *Id.*

### IV. Material Facts In Dispute or Not Admitted

Genuine issues of material fact exist concerning whether defendants were deliberately indifferent to Mr. Rice's medical condition and safety. Defendants' motion is silent as to whether Warden Butts implemented or failed to implement training and procedures to prevent situations such as those alleged by Mr. Rice. While Defendants present evidence through the affidavit of Officer Patton to attempt to show that he and Officer Ellington were not deliberately indifferent, Patton's affidavit carefully avoids admitting or denying whether he and Officer Ellington left Mr. Rice in the transport van, engine turned off, with windows closed and doors locked, in the afternoon September sun while they waited inside a prison building. Officer Patton's affidavit asserts that he and Officer Ellington offered water to Mr. Rice *before* the transport began, but Mr. Rice's affidavit disputes this and notes that because of being shackled he would not have been able to drink water. Officer Patton's affidavit also states that Mr. Rice "made no complaints to the correctional officer that he was uncomfortable, overheating, hot, or dehydrated." Dkt. No. 26-1. But Mr. Rice's affidavit asserts that the defendant officers were inside the prison while he was left in the van, so they were not in a position to hear any complaints. Dkt. No. 30. Finally, defendants also suggest that Mr. Rice's medical situation was due to his blood pressure issues, not being left in the transport van. Mr. Rice disputes this contention.

A reasonable fact finder could conclude that Mr. Rice became unconscious as a result of being left in the transport van and not because of Mr. Rice's blood pressure condition. A reasonable jury could find, on the facts alleged, that defendants were deliberately indifferent to Mr. Rice's medical condition and safety, and that he suffered injury as a result.

### V. Claims That Shall Proceed to Trial

On the Court's own motion, the screening order of June 22, 2017, is amended to allow plaintiff's monetary damage claims to proceed against Warden Butts in his official capacity. Because the New Castle Correctional Facility is operated by GEO Group, a non-government entity, and Warden Butts is not employed by the State of Indiana, he is not entitled to Eleventh Amendment immunity.

The following claims shall proceed to trial: (1) that defendants were deliberately indifferent to Mr. Rice's serious medical and safety needs when he was left locked in the transport van pending completion of the New Castle Correctional Facility count; (2) that Warden Butts failed to train officers and implement policies to prevent leaving inmates shackled in locked transport vans with the engine turned off in adverse weather conditions; and (3) that the defendants' acts and omissions constitute negligence under state law.

### VI. Conclusion

Defendants' motion for summary judgment, Dkt. No. 24, is **denied**. Because this action will be resolved by either settlement or trial, the Court will direct the Magistrate Judge to set it for a status and/or settlement conference.

**IT IS SO ORDERED**.

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 10/20/17

Distribution:

Kenneth Rice, 110564
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Electronically registered counsel